Hamill v. Nat'l Riverside Co.        CV-94-28-SD    02/08/96

UNITED STATES DISTRICT COURT FOR THE

                        DISTRICT OF NEW HAMPSHIRE


Stephen Hamill, individually
 and as p/n/f of Starla Hamill


          v.                               Civil No. 94-28-SD

National Riverside Company;
Scheu Products, Inc.


                            O R D E R


     Plaintiff has moved to compel defendant to answer certain

interrogatories.  Document 17.  Defendant objects.  Document 18.[1]


1.  Background

     In this product liability action, the minor plaintiff,

Starla Hamill, allegedly sustained severe injuries when burned by

a "Model M 250" propane heater manufactured by defendant.  The

heater was located at the place of business of plaintiff's

father, plaintiff Stephen Hamill.

_____

     [1]In his letter accompanying the objection, defendant's
counsel indicated that the parties are attempting to resolve the
dispute without further intervention of the court.  However, time
constraints mentioned elsewhere in the body of this order compel
the court to rule on the matter at this time.

Served on different dates, the interrogatories at issue have sought information concerning other injuries sustained by users of the defendant's heaters. Interrogatory #2 of plaintiff's first set of interrogatories, propounded December 29, 1994, sought information as to "all lawsuits in which Scheu Products has been named as a defendant."[2] Defendant's answer listed a single Massachusetts state court action "involving an individual whose clothing ignited as he came too close to a Model 250 heater."[3]

On January 21, 1991, plaintiff propounded a second set of interrogatories, #10 of which sought, limited to defendant's

---

[2]Attached to plaintiff's motion as Exhibit A, Interrogatory #2 reads in full: "Please provide the caption, docket number, and a summary of the underlying cause of action for all lawsuits in which Scheu Products has been named a defendant, including, but not limited to those brought in Illinois and California."

[3]Also a part of Exhibit A attached to plaintiff's motion, this answer reads as follows:

> Scheu Products Company has been in business since 1907 and currently manufactures over 20 different heater models. The information requested is impossible to compile as many records are no longer available. We have records on only one other similar incident involving an individual whose clothing ignited as he came too close to a Model 250 heater. This was filed in the Commonwealth of Massachusetts Superior Court Civil Action 91-3695 on February 27, 1992 and is entitled <u>Paul Ghilardi v. National Riverside Company and Scheu Products Company, Incorporated</u>.

Model M 250 Construction Heater, descriptions of "any incident in which any other person has been injured or killed within the past ten years as a result of the operation of a Model M 250 Construction Heater."[4]  In response, defendant objected on the dual grounds that the interrogatory was overly broad and sought discovery of information of incidents which occurred in dissimilar circumstances.[5]

By means of independent and informal discovery, plaintiff has discovered evidence of other incidents involving injuries allegedly caused by a heater manufactured by the defendant.  As

---

[4]Attached to plaintiff's motion as Exhibit B, said Interrogatory #10 reads:

> Please describe in detail any incident in which any other person has been injured or killed within the past ten years by stating, without limitation, the date and location of the incident, the name and last known address of the injured or killed person, the circumstances surrounding the incident, the particular part of the product involved in the incident, and the style, case number, and complete court designation (including without limitation the city and state of said court) relative to any lawsuit which concerned such incident.

[5]Also a part of Exhibit B attached to plaintiff's motion, the answer to Interrogatory #10 reads:  "The defendant respectfully objects to this Interrogatory since it is overly broad and seeks to discover information pertaining to injuries occurring in circumstances totally unlike those involving the plaintiff in this case."

discovery in California is now scheduled for February 13, 1996, the resolution of this motion is urgent.[6]

## 2. Discussion

Pursuant to Rule 26(b)(1), Fed. R. Civ. P., plaintiff is entitled to discovery of any nonprivileged matter "which is relevant to the subject matter involved in the pending action." Moreover, "[t]he information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." Id.

The key phrase of Rule 26(b)(1), Fed. R. Civ. P.,--"relevant to the subject matter involved in the pending action"--"has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978); see 8 WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2007, at 94-95 (West 1994).

This question of relevancy "is to be more loosely construed at the discovery stage than at the trial, where the relevance question, for purposes of admissibility, is governed by the

_____

[6]The motion was filed on January 29, 1996. Under the applicable Local Rules, defendant would have had until February 20, 1996, to respond thereto, but it filed its answer on February 6, 1996.

4

Federal Rules of Evidence." 8 WRIGHT, MILLER & MARCUS, supra, §
2008 at 99-100. Accordingly, any issues of similarity of
circumstances, either pre-purchase of the heater, McKinnon v.
Skil Co., 638 F.2d 270, 277 (1st Cir. 1991), or post-accident,
United States Fidelity & Guaranty Co. v. Baker Material Handling
Corp., 62 F.3d 24, 28 (1st Cir. 1995); Cameron v. Otto Bach
Orthopedic Indus., Inc., 43 F.3d 14, 16 (1st Cir. 1994), cannot
be addressed at this stage of the proceedings.

Limited to the Model 250 propane heater manufactured by
defendant, and covering the past ten years, the motion to compel
must be and it is herewith granted.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

February 8, 1996

cc:  M. Jeanne Trott, Esq.
     E. Donald Dufresne, Esq.

5